STATE of Missouri, Respondent,

v.

William Joseph BALL, Appellant.

No. 52070.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 11, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 9, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for first degree assault, attempted first degree robbery, and two counts of armed criminal action. Defendant was sentenced to ten years' imprisonment on the assault conviction, five years' imprisonment on the robbery conviction, and three years' imprisonment on each of the armed criminal action convictions. All sentences are to run consecutive to each other. We affirm.

Defendant asserts the trial court plainly erred in failing to *sua sponte* declare a mistrial when, contrary to the provisions of § 491.050, RSMo 1986, the prosecutor, during cross-examination, questioned defendant regarding his past arrest for second degree burglary and when, in closing argument, the prosecutor again commented on defendant's prior arrest for second degree burglary. Defendant asks that we review his point under plain error. Rule 30.20. We decline to do so.

Generally, evidence of a prior arrest cannot be used to impeach the credibility of a defendant. *State v. Dunlap,* 706 S.W.2d 272, 274[1] (Mo.App.1986). This rule does not apply, however, if defendant has "opened up" the issue of prior arrests. *Id.* at 274, 276[3]. Defendant's lawyer on direct examination asked defendant about his convictions; defendant voluntarily stated he had been arrested twice; defense counsel then asked "Other than those two convictions have you had any other arrests?" and defendant said no. By this testimony defendant "opened up" the issue of prior arrests. Additionally, the State had a strong case against defendant. *State v. Gilmore,* 681 S.W.2d 934, 943[26] (Mo. banc 1984).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.